**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4711**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RADRECUS DE MARIO YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:18-cr-00177-HMH-1)

Submitted: April 25, 2019                                  Decided: April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Radrecus De Mario Young appeals his convictions and the 102-month sentence imposed following his guilty plea to three counts of possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether Young's sentence is reasonable, but conceding there are no meritorious issues for appeal. Young was advised of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal as barred by Young's waiver of the right to appeal included in the plea agreement. We grant the motion and dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Young knowingly and voluntarily waived his right to appeal his convictions and sentence, except as to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect his sentence. We conclude that the waiver is valid and enforceable.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of the waiver. We therefore grant the Government's motion to dismiss the appeal. This court requires that counsel inform Young, in writing, of the right to petition the Supreme Court of the United States for further review. If Young requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Young. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*